**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Jose Alberto Lopez Pichardo**, | No. |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT** |
| **Warren K. Denniston and Donna S. Denniston**, a married couple, | |
| Defendants. | |

Plaintiff, Jose Alberto Lopez Pichardo ("Plaintiff" or "Jose Alberto Lopez Pichardo"), sues the Defendants, Warren K. Denniston and Donna S. Denniston, ("Defendants" or "The Dennistons") and alleges as follows:

**PRELIMINARY STATEMENT**

1.     This is an action for unpaid minimum and overtime wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., unpaid minimum wages under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8; and unpaid wages under the Arizona Wage Act ("AWA") A.R.S. § 23-350, et seq.

2.      The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees an overtime rate of pay for all time spent working in excess of 40 hours in a given workweek. See 29 U.S.C. § 207(a).

3.      Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA").

4.      Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the AMWA, A.R.S. § 23-362, et seq.

5.      Plaintiff brings this action against Defendants for their unlawful failure to pay all wages due and owing in violation of the AWA, A.R.S. § 23-350, et seq.

6.      This is an action for unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA and minimum wages under the AMWA.

7.      The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

8.      The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

-2-

**JURISDICTION AND VENUE**

9.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

10.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

11.    At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Pima County, Arizona, and is a former employee of Defendants.

12.    Defendants Warren K. Denniston and Donna S. Denniston are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Defendants Warren K. Denniston and Donna S. Denniston were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

13.    Under the FLSA, Defendants Warren K. Denniston and Donna S. Denniston are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant

times, Defendants Warren K. Denniston and Donna S. Denniston had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendants in relation to The Dennistons's employees, Defendants Warren K. Denniston and Donna S. Denniston are subject to individual liability under the FLSA.

14.    Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

15.    Defendants, and each of them, are sued in both their individual and corporate capacities.

16.    Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

17.    At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

18.    The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

19.    At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

20.    The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

21. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

22. At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

23. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

24. At all relevant times, Plaintiff, in his work for Defendants, was employed as a domestic service worker as defined by the FLSA.

25. At all relevant times, Plaintiff, in his work as a domestic service worker for Defendants, was engaged in commerce or the production of goods for commerce.

26. At all relevant times, Plaintiff, in his work as a domestic service worker for Defendants, was engaged in interstate commerce.

27. Plaintiff, in his work as a domestic service worker for Defendants, regularly handled goods produced or transported in interstate commerce.

28. Plaintiff, in his work as a domestic service worker for Defendants, handled goods that have moved in or were produced for interstate commerce.

29. Plaintiff, in his work as a domestic service worker for Defendants, freed Defendants, who were members of the household, to also engage in activities in interstate commerce.

30. Specifically, the FLSA's regulatory support states that "employment of persons in domestic service in households affects commerce." 29 C.F.R. § 552.99.

## FACTUAL ALLEGATIONS

31.   Defendants are a family who reside and own homes in Pima County, Arizona.

32.   In or around June 2017 Plaintiff was hired by Defendants to work as a handyman, performing non-exempt, manual labor related to home and grounds maintenance and upkeep.

33.   At all relevant times, in his work for Defendants, Plaintiff was compensated, or supposed to be compensated, at a daily rate of approximately $250.

34.   At all relevant times, Plaintiff, in his work for Defendants, was compensated, or supposed to be compensated, at a regular rate of $250 per day, regardless of the number of hours Plaintiff actually worked.

35.   At all relevant times, Plaintiff, in his work for Defendants, was compensated, or supposed to be compensated, at a regular rate of $250 per day, regardless of the number of hours Plaintiff actually worked, and regardless of whether he worked in excess of 40 hours in a given workweek.

36.   On information and belief, rather than classify Plaintiff as an employee, Defendants classified him as an independent contractor.

37.   Despite Defendants having misclassified Plaintiff as an independent contractor, Plaintiff was actually an employee, as defined by the FLSA, 29 U.S.C. § 201 et seq.

38.   Defendants controlled Plaintiff's schedules.

39.   In his work for Defendants, Plaintiff used equipment owned by Defendants.

40. At all relevant times, Plaintiff was economically dependent on Defendants.

41. The following further demonstrate that Plaintiff was an employee:

    a. Defendants had the exclusive right to hire and fire Plaintiff;

    b. Defendants set Plaintiff's work schedule;

    c. Defendants set Plaintiff's rate of pay;

    d. Defendants made the decision not to pay overtime to Plaintiff;

    e. Defendants supervised Plaintiff and subjected him to Defendants' rules;

    f. Plaintiff had no opportunity for profit or loss;

    g. The services rendered by Plaintiff in his work for Defendants were integral to Defendants' needs in their home ownership;

    h. Plaintiff was hired for a non-durational period, generally working in excess of 40 hours per week for more than seven years;

    i. Plaintiff had no right to refuse work assigned to him by Defendants;

    j. On information and belief, Defendants did not allow Plaintiff to work for other apartment complex companies.

42. Plaintiff worked for Defendants through approximately November 2024, when he left his employment with Defendants due to their failure to pay wages.

43. During Plaintiff's employment with Defendants, Plaintiff generally worked approximately between 40 and 50 hours per workweek.

44. At all relevant times, Plaintiff worked approximately between eight and 10 hours per day, Monday through Friday.

45. However, between July 2024 and the end of his employment in November 2024, Defendants did not compensate Plaintiff any wages whatsoever for the work he performed for them.

46. Indeed, between July 2024 and November 2024, the only money that Defendants paid to Plaintiff were approximately $2,000 for Plaintiff to make certain repairs to his vehicle.

47. To date, Defendants still have paid none of the wages due and owing to Plaintiff for such time worked.

48. As a result of failing to pay Plaintiff any wages whatsoever for such time, Defendants failed to compensate Plaintiff at least the statutory minimum wage for such hours worked.

49. As a result of Defendants' failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated 29 U.S.C. § 206(a).

50. As a result of Defendants' failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

51. As a result of Defendants' failure to compensate Plaintiff all wages due and owing for such hours worked, Defendants violated the AWA, A.R.S., § 23-351.

52. Plaintiff often worked with knowledge of Defendants, and generally at Defendants' request, in excess of 40 hours per week during his employment with Defendants.

53. At all relevant times, Defendants did not pay Plaintiff one and one-half times his regular rate of pay for time spent working in excess of 40 hours in a given workweek.

54. During the time that Plaintiff worked for Defendants, Plaintiff worked in excess of 40 hours in a given workweek without receiving one and one-half times his regular rate of pay, in violation of the FLSA, 29 U.S.C. § 207(a).

55. At all relevant times, Plaintiff generally worked approximately between zero (0) and ten (10) hours of overtime per week.

56. To date, Defendants still have paid none of the overtime wages due and owing to Plaintiff for such hours worked.

57. At all relevant times, in his work for Defendants Plaintiff was a non-exempt employee.

58. Throughout the duration of Plaintiff's employment, Defendants failed to properly compensate Plaintiff for his overtime hours.

59. Defendants' failure to pay Plaintiff one and one-half times the applicable hourly rate of pay for all hours worked in excess of 40 per week violated 29 U.S.C. § 207.

60. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff an overtime premium would violate federal law, and Defendants were aware of the FLSA overtime requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

61. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

62. Plaintiff is a covered employee within the meaning of the FLSA.

63. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

64. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum and overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

65. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

66. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of the unpaid wages, plus interest thereon, and costs incurred under A.R.S. § 23-355.

**<u>COUNT ONE: FAIR LABOR STANDARDS ACT</u>**
**<u>FAILURE TO PAY OVERTIME</u>**

67. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

68. Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

69. In a given workweek, Defendants willfully failed to pay one and one-half times the applicable regular rate of pay for all hours Plaintiff worked in excess of 40 hours in a given workweek.

70. As a result of Defendants' willful failure to pay Plaintiff one and one-half times the regular rate for all hours worked in excess of 40 per week in a given workweek, Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for all hours worked for the duration of his employment, in violation of 29 U.S.C. § 207.

71. As a result of Defendants' willful failure to compensate Plaintiff the applicable overtime rate for all hours worked, Defendants violated the FLSA.

72. As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week.

73. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff an overtime premium would violate federal law, and Defendants were aware of the FLSA overtime requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

74. Defendants have and continue to willfully violate the FLSA by not paying Plaintiff a wage equal to one- and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants.

75. Plaintiff is therefore entitled to compensation one and one-half times his regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be

proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Jose Alberto Lopez Pichardo, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.   For the Court to declare and find that the Defendants committed one of more of the following acts:

   i.   Violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a), by failing to pay proper overtime wages;

   ii.   Willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a) by willfully failing to pay proper overtime wages;

B.   For the Court to award Plaintiff's unpaid overtime wage damages, to be determined at trial;

C.   For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.   For the Court to award prejudgment and post-judgment interest;

E.   For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.   Such other relief as this Court shall deem just and proper.

## COUNT TWO: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

76. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

77. As a result of failing to compensate Plaintiff any wages whatsoever between July 2024 and the end of his employment in November 2024, Defendants failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

78. As a result of Defendants' failure to pay Plaintiff any wage whatsoever for such time worked, Defendants failed and/or refused to pay Plaintiff the applicable minimum wage for such hours worked, in violation of 29 U.S.C. § 206.

79. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Jose Alberto Lopez Pichardo, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.     Such other relief as this Court shall deem just and proper.

## COUNT THREE: ARIZONA MINIMUM WAGE ACT FAILURE TO PAY MINIMUM WAGE

80.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

81.     As a result of failing to compensate Plaintiff any wages whatsoever between July 2024 and the end of his employment in November 2024, Defendants failed or refused to pay Plaintiff the Arizona-mandated minimum wage.

82.     As a result of failing to compensate Plaintiff any wages whatsoever for such time, Defendants failed and/or refused to pay Plaintiff the applicable minimum wage for such hours worked, in violation of A.R.S. § 23-363.

83.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Jose Alberto Lopez Pichardo, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

-14-

A. For the Court to declare and find that the Defendants violated minimum wage provisions of the AMWA, ARS § 23-363, by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

## COUNT FOUR: ARIZONA WAGE ACT
## FAILURE TO PAY WAGES DUE AND OWING

84. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

85. As a result of the allegations contained herein, Defendants did not compensate Plaintiff wages due and owing to him.

86. Defendants engaged in such conduct in direct violation of A.R.S. § 23-350.

87. Defendants acted unreasonably and in bad faith in failing to pay Plaintiff the wages due and owing him.

88.    Defendants sought to delay payment without reasonable justification and to defraud Plaintiff of wages earned.

89.    As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff by Defendants.

90.    Plaintiff is therefore entitled to compensation for unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of the unpaid wages, plus interest thereon, and the costs incurred.

**WHEREFORE**, Plaintiff, Jose Alberto Lopez Pichardo, requests that this Court grant the following relief in Plaintiff's favor, and against Defendant Aztec Concrete & Coating Services, LLC:

A.    For the Court to declare and find that Defendants violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B.    For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C.    For the Court to award prejudgment and post-judgment interest on any damages awarded;

D.    For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E.    Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 8th day of March, 2025.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*

## **VERIFICATION**

Plaintiff, Jose Alberto Lopez Pichardo, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof.  The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, he believes them to be true.

_Jose A. Lopez P_
Jose Alberto Lopez Pichardo (Mar 9, 2025 17:28 PDT)
Jose Alberto Lopez Pichardo

-18-