Evan F. Hiller (SBN 028214)
hiller@sackstierney.com
Katya L. Norris (SBN 032151)
norris@sackstierney.com
SACKS TIERNEY P.A.
4250 N. Drinkwater Blvd., 4th Floor
Scottsdale, AZ 85251-3693
Telephone:  480.425.2600

*Attorneys for Defendants Warren K. Denniston
and Donna S. Denniston*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Jose Alberto Lopez Pichardo,

      Plaintiff,

v.

Warren K. Denniston and Donna S. Denniston, husband and wife,

      Defendants.

No.  CV-25-00128-TUC-RM (LCK)

**DEFENDANTS' ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT**

(Assigned to the Honorable Rosemary Márquez)

Defendants Warren K. Denniston and Donna S. Denniston (the "Dennistons"), through undersigned counsel, hereby respond to the Verified Complaint ("Complaint") filed by Plaintiff Jose Alberto Lopez Pichardo ("Plaintiff").  The Dennistons hereby admit, deny, and affirmatively allege as follows:

## PRELIMINARY STATEMENT

1.     Paragraph 1 of the Complaint describes the nature of this action, to which no response is required.  To the extent a response is required, denied.

2.     Paragraph 2 of the Complaint characterizes the Fair Labor Standards Act ("FLSA"), which speaks for itself and to which no response is required.   To the extent a response is required, denied.

3.     The Dennistons deny the allegations contained in Paragraph 3 of the

4158122

4158122

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

Complaint.

4.      The Dennistons deny the allegations contained in Paragraph 4 of the Complaint.

5.      The Dennistons deny the allegations contained in Paragraph 5 of the Complaint.

6.      Paragraph 6 of the Complaint describes the nature of this action, to which no response is required.  To the extent a response is required, denied.

7.      Paragraph 7 of the Complaint sets forth a legal conclusion to which no response is required.   To the extent a response is required, denied,

8.      Paragraph 8 of the Complaint sets forth a legal conclusion to which no response is required.   To the extent a response is required, denied.

## JURISDICTION AND VENUE

9.      Responding to Paragraph 9 of the Complaint, the Dennistons admit only that this Court has subject matter jurisdiction over this matter.  The Dennistons deny Plaintiff's factual allegations in support of the claims brought in this matter.

10.      Responding to Paragraph 10 of the Complaint, the Dennistons admit only that venue is proper in the District of Arizona. The Dennistons deny the factual allegations that purportedly give rise to Plaintiff's claims.

## PARTIES

11.      The Dennistons lack sufficient information to admit or deny whether Plaintiff resides in Pima County, Arizona.  The Dennistons deny the remaining allegations contained in Paragraph 11 of the Complaint.

12.      The Dennistons admit that they are husband and wife. The Dennistons deny the remaining allegations contained in Paragraph 12 of the Complaint.

13.      The Dennistons deny the allegations contained in Paragraph 13 of the Complaint.

14.      The Dennistons deny the allegations contained in Paragraph 14 of the

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

2

4158122

Complaint.

15. The Dennistons deny the allegations contained in Paragraph 15 of the Complaint.

16. The Dennistons deny the allegations contained in Paragraph 16 of the Complaint.

17. The Dennistons deny the allegations contained in Paragraph 17 of the Complaint.

18. The Dennistons deny the allegations contained in Paragraph 18 of the Complaint.

19. The Dennistons deny the allegations contained in Paragraph 19 of the Complaint.

20. The Dennistons deny the allegations contained in Paragraph 20 of the Complaint.

21. The Dennistons deny the allegations contained in Paragraph 21 of the Complaint.

22. The Dennistons deny the allegations contained in Paragraph 22 of the Complaint.

23. The Dennistons deny the allegations contained in Paragraph 23 of the Complaint.

24. The Dennistons deny the allegations contained in Paragraph 24 of the Complaint.

25. The Dennistons deny the allegations contained in Paragraph 25 of the Complaint.

26. The Dennistons deny the allegations contained in Paragraph 26 of the Complaint.

27. The Dennistons deny the allegations contained in Paragraph 27 of the Complaint.

3

**SACKS TIERNEY** P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

4158122

28.     The Dennistons deny the allegations contained in Paragraph 28 of the Complaint.

29.     The Dennistons deny the allegations contained in Paragraph 29 of the Complaint.

30.     The Dennistons deny the allegations contained in Paragraph 30 of the Complaint.

## **FACTUAL ALLEGATIONS**

31.     The Dennistons own a home in Pima County, Arizona.  The Dennistons deny the remaining allegations contained in Paragraph 31 of the Complaint.

32.     The Dennistons deny the allegations contained in Paragraph 32 of the Complaint.

33.     The Dennistons deny the allegations contained in Paragraph 33 of the Complaint.

34.     The Dennistons deny the allegations contained in Paragraph 34 of the Complaint.

35.     The Dennistons deny the allegations contained in Paragraph 35 of the Complaint.

36.     The Dennistons admit that Plaintiff was an independent contractor and not an employee.  The Dennistons deny the remaining allegations contained in Paragraph 36 of the Complaint.

37.     The Dennistons deny the allegations contained in Paragraph 37 of the Complaint.

38.     The Dennistons deny the allegations contained in Paragraph 38 of the Complaint.

39.     The Dennistons deny the allegations contained in Paragraph 39 of the Complaint.

40.     The Dennistons deny the allegations contained in Paragraph 40 of the

4

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

Complaint.

41.     The Dennistons deny the allegations contained in Paragraph 41 of the Complaint and they deny the allegations contained in subparagraphs (a) through (j) of Paragraph 41 of the Complaint.

42.     The Dennistons deny the allegations contained in Paragraph 42 of the Complaint.

43.     The Dennistons deny the allegations contained in Paragraph 43 of the Complaint.

44.     The Dennistons deny the allegations contained in Paragraph 44 of the Complaint.

45.     The Dennistons deny the allegations contained in Paragraph 45 of the Complaint.

46.     The Dennistons deny the allegations contained in Paragraph 46 of the Complaint.

47.     The Dennistons deny the allegations contained in Paragraph 47 of the Complaint.

48.     The Dennistons deny the allegations contained in Paragraph 48 of the Complaint.

49.     The Dennistons deny the allegations contained in Paragraph 49 of the Complaint.

50.     The Dennistons deny the allegations contained in Paragraph 50 of the Complaint.

51.     The Dennistons deny the allegations contained in Paragraph 51 of the Complaint.

52.     The Dennistons deny the allegations contained in Paragraph 52 of the Complaint.

53.     The Dennistons deny the allegations contained in Paragraph 53 of the

5

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

4158122

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

Complaint.

54. The Dennistons deny the allegations contained in Paragraph 54 of the Complaint.

55. The Dennistons deny the allegations contained in Paragraph 55 of the Complaint.

56. The Dennistons deny the allegations contained in Paragraph 56 of the Complaint.

57. The Dennistons deny the allegations contained in Paragraph 57 of the Complaint.

58. The Dennistons deny the allegations contained in Paragraph 58 of the Complaint.

59. The Dennistons deny the allegations contained in Paragraph 59 of the Complaint.

60. The Dennistons deny the allegations contained in Paragraph 60 of the Complaint.

61. The Dennistons deny the allegations contained in Paragraph 61 of the Complaint.

62. The Dennistons deny the allegations contained in Paragraph 62 of the Complaint.

63. The Dennistons deny the allegations contained in Paragraph 63 of the Complaint.

64. The Dennistons deny the allegations contained in Paragraph 64 of the Complaint.

65. The Dennistons deny the allegations contained in Paragraph 65 of the Complaint.

66. The Dennistons deny the allegations contained in Paragraph 66 of the Complaint.

4158122

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

67. The Dennistons incorporate herein by reference all admissions, denials, and affirmative allegations as set forth above.

68. The Dennistons deny the allegations contained in Paragraph 68 of the Complaint.

69. The Dennistons deny the allegations contained in Paragraph 69 of the Complaint.

70. The Dennistons deny the allegations contained in Paragraph 70 of the Complaint.

71. The Dennistons deny the allegations contained in Paragraph 71 of the Complaint.

72. The Dennistons deny the allegations contained in Paragraph 72 of the Complaint.

73. The Dennistons deny the allegations contained in Paragraph 73 of the Complaint.

74. The Dennistons deny the allegations contained in Paragraph 74 of the Complaint.

75. The Dennistons deny the allegations contained in Paragraph 75 of the Complaint.

## COUNT TWO: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

76. The Dennistons incorporate herein by reference all admissions, denials, and affirmative allegations as set forth above.

77. The Dennistons deny the allegations contained in Paragraph 77 of the Complaint.

78. The Dennistons deny the allegations contained in Paragraph 78 of the

7

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

4158122

Complaint.

79.    The Dennistons deny the allegations contained in Paragraph 79 of the Complaint.

## COUNT THREE: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

80.    The Dennistons incorporate herein by reference all admissions, denials, and affirmative allegations as set forth above.

81.    The Dennistons deny the allegations contained in Paragraph 81 of the Complaint.

82.    The Dennistons deny the allegations contained in Paragraph 82 of the Complaint.

83.    The Dennistons deny the allegations contained in Paragraph 83 of the Complaint.

## COUNT FOUR: ARIZONA WAGE ACT
## FAILURE TO PAY WAGES DUE AND OWING

84.    The Dennistons incorporate herein by reference all admissions, denials, and affirmative allegations as set forth above.

85.    The Dennistons deny the allegations contained in Paragraph 85 of the Complaint.

86.    The Dennistons deny the allegations contained in Paragraph 86 of the Complaint.

87.    The Dennistons deny the allegations contained in Paragraph 87 of the Complaint.

88.    The Dennistons deny the allegations contained in Paragraph 88 of the Complaint.

89.    The Dennistons deny the allegations contained in Paragraph 89 of the Complaint.

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

8

4158122

90.    The Dennistons deny the allegations contained in Paragraph 90 of the Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.    Plaintiff's claims are barred insofar as they lack any basis in fact or law.

2.    Plaintiff's Complaint fails, in whole or in part, to the extent the Complaint fails to state a claim upon which relief may be granted.

3.    The Dennistons invoke the defenses, protections and limitations of the FLSA, Arizona Wage Act, and the Arizona Minimum Wage Act.

4.    Plaintiff's Complaint fails because Plaintiff was an independent contractor, and not an employee, under the FLSA, Arizona's Wage Act, and the Arizona Minimum Wage Act.

5.    Plaintiff's Complaint is barred, in whole or in part, because Plaintiff does not meet the definition of employee under the FLSA and is not a covered individual under the FLSA.

6.    Plaintiff's Complaint is barred, in whole or in part, because Plaintiff does not meet the definition of employee under the Arizona's Wage Act.

7.    Plaintiff's Complaint is barred, in whole or in part, because Plaintiff does not meet the definition of employee under the Arizona Minimum Wage Act.

8.    Plaintiff's Complaint is barred, in whole or in part, because the Dennistons are not a covered enterprise under the FLSA and thus are not covered under the FLSA.

9.    Plaintiff's Complaint is barred, in whole or in part, because the Dennistons do not meet the definition of employer under the Arizona's Wage Act and the Arizona Minimum Wage Act.

10.    Plaintiff's claim for treble damages under Arizona law is barred, in whole or in part, because there was a reasonable, good faith dispute regarding the amount of unpaid wages.

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

9

4158122

11.    Plaintiff's Complaint is barred, in whole or in part, by the exemptions under the FLSA.

12.    Plaintiff's Complaint is barred, in whole or in part, by the exemptions under the Arizona Wage Act.

13.    Plaintiff's Complaint is barred, in whole or in part, by the exemptions under the Arizona Minimum Wage Act.

14.    Plaintiff's Complaint is barred, in whole or in part, by the doctrine of mitigation of damages.

15.    Plaintiff's Complaint is barred, in whole or in part, because there is no individual liability for the Dennistons.

16.    Plaintiff's Complaint is barred, in whole or in part, because the Dennistons' actions were made in good faith and had reasonable grounds for believing that their conduct did not violate the FLSA.

17.    The Dennistons did not know or show reckless disregard for whether their conduct was prohibited by the FLSA.

18.    The action is barred to the extent Plaintiff seeks recovery for time that is not compensable, i.e., not hours worked under the FLSA.

19.    In the alternative, the Dennistons are entitled to offset monies or other consideration paid or provided to Plaintiff by the Dennistons for periods in which Plaintiff was not engaged to work.

20.    Plaintiff's claims are barred to the extent the evidence, including after-acquired evidence, shows Plaintiff engaged in conduct that would have led to his termination.

21.    Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitation.

22.    Plaintiff was compensated for all hours worked at the applicable rates under the FLSA, Arizona Wage Act, and Arizona Minimum Wage Act.

10

4158122

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

23.    The Dennistons' actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the United States Department of Labor.

24.    Plaintiff's Complaint is barred, in whole or in part, by settlement and/or payment and release.

25.    Plaintiff's Complaint is barred, in whole or in part, by the doctrine of estoppel, as Plaintiff previously took positions inconsistent with the positions he is asserting in this Complaint, in that Plaintiff submitted his own requests for payment and prices for projects to be completed for the Dennistons.

26.    Plaintiff's Complaint is barred, in whole or in part, because Plaintiff received full payment for the work he performed.

27.    Plaintiff's Complaint is barred, in whole or in part, by the doctrines of accord and satisfaction.

28.    Plaintiff's Complaint is barred, in whole or in part, by the doctrine of laches.

29.    Plaintiff's Complaint is barred, in whole or in part, by the doctrine of unclean hands.

30.    The Dennistons reserve the right to add any additional affirmative defenses that may be warranted by subsequent investigation and/or discovery in this case.

### PRAYER FOR RELIEF

WHEREFORE, The Dennistons prays for judgment in its favor and against Plaintiff, as follows:

A.    Dismissing Plaintiff's claims with prejudice.

B.    Denying any award of damages, interest, costs, attorneys' fees, or other monetary relief to Plaintiff, under any claim or theory;

C.    Denying any other relief requested by Plaintiff;

D.    Awarding attorneys' fees in favor of the Dennistons, pursuant to 28 U.S.C. § 1927, A.R.S. § 12-349, the court's inherent authority, and any other applicable

11

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

4158122

law;

E.    Awarding costs and fees against Plaintiff and in favor of Defendants, pursuant to A.R.S. § 12-341; and

F.    Such other and further relief as this Court deems just and proper under the circumstances.

## RESPONSE TO JURY TRIAL DEMAND

Plaintiff demands a jury trial in the Complaint.  No response is required to such demand.


DATED this 14th day of July, 2025.

SACKS TIERNEY P.A.



By: s/ Katya L. Norris
Katya L. Norris
Attorneys for Defendants Warren K.
Denniston and Donna S. Denniston

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

12

4158122